# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00614-GCM

| | |
|---|---|
| **RODNEY JONES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**HARRY CLAYTON MARSH,**<br>**ELIZABELLA CAMINITI,**<br>**KAITLIN RUSH-MARSH,**<br>**LORI IVESTER JACKSON,**<br><br>**Defendants.** | **ORDER** |

      **THIS MATTER** comes before the Court upon the Marsh Defendants' Motion to Dismiss (ECF Doc. 9), filed by Harry Clayton Marsh and Kaitlin Rush-Marsh on February 3, 2021, and Defendants Elizabella Caminiti and Lori Ivester Jackson's Motion to Dismiss (ECF Doc. 12), filed on February 9, 2021. Roseboro orders were entered setting the response deadlines for both motions, and Plaintiff Rodney Jones, proceeding pro se, filed a Response (ECF Doc. 15) on February 16, 2021. Defendants Elizabella Caminiti and Lori Ivester Jackson filed a joint Reply (ECF Doc. 16), on February 22, 2021. These motions are ripe for consideration and, for the reasons set forth below, the Court finds that the motions should be granted.

      **I.    BACKGROUND**

      Plaintiff filed his pro se Complaint against Defendants on November 4, 2020. The Complaint very briefly sets forth facts indicating that this action arises out of a real estate contract wherein Plaintiff contracted to purchase certain real property located at 315 Brief Road West, Indian Trail, NC ("Real Property") from Richard Kassis and Kristini Kassis ("Sellers") for a

purchase price of $3,000,000 ("Contract").[1] An initial $3,000 earnest money deposit was due within three days of the effective date of the Contract, and an additional $3,000 due diligence fee was due by October 10, 2020. From the face of the Complaint, it appears that Plaintiff paid the earnest money deposit, but the Complaint does not set forth facts regarding whether he paid the due diligence fee. Rather, Plaintiff simply states that he "met all required prerequisites for the purchase of this property."

Plaintiff's Complaint alleges federal question jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985. The Complaint does not contend that any of the defendants were acting under the authority or color of state law at the time the claims occurred. Plaintiff makes claims for: (1) "Practice of Derailing the Sale"; (2) "Breach of Contract"; (3) "Discrimination"; (4) "Fair Housing Act"; (5) "Stonewalling"; (6) "Fraudulent Misrepresentation"; (7) "Material Defects"; (8) "Price 'Gouging'"; (9) "'Fraud of Survey'"; (10) "Not Listing Property As 'Under Contract Under MLS System Online'"; (11) "Breach of Duty"; (12) "Theft – Stole Non-Negotiable Cashier's Check Payable to Me"; and (13) "Deter me to another property." It appears that Defendant Harry Clayton Marsh was to serve as the closing attorney, or Escrow Agent; Defendant Kaitlin Rush-Marsh was to serve as one of the real estate agents for Sellers; Defendant Lori Ivester Jackson was to serve as a listing agent; and Defendant Elizabella Caminiti was also to serve as a listing agent.

Most claims in the Complaint are directed toward Defendants Caminiti and Jackson. Plaintiff alleges that Defendants Caminiti and Jackson attempted to derail the Contract; discriminated against him by refusing to acknowledge that he met the requirements to purchase the Real Property; stonewalled him through failure to timely communicate and by making it difficult for him to complete his due diligence; incorrectly and fraudulently listed the Real Property

---

[1] Sellers are not named as defendants in this action.

online; and breached a duty by failing to disclose certain information about the Real Property. Plaintiff further argues that all four defendants violated the Fair Housing Act and fraudulently misrepresented facts regarding the Contract. Lastly, Plaintiff appears to contend that Defendant Henry Marsh stole money from Plaintiff. As remedy, Plaintiff seeks specific performance and punitive damages.

Defendants filed two separate motions to dismiss in this action. Defendants Harry Clayton Marsh and Kaitlin Rush-Marsh ("the Marsh Defendants") filed a joint motion to dismiss. The Marsh Defendants argue that Plaintiff has not adequately pled facts to support that subject-matter jurisdiction exists pursuant to a federal question, given that none of the Defendants were alleged to be state actors or acting under color of state law, and given that Plaintiff did not allege facts to support a conspiracy to discriminate against him. The Marsh Defendants further argue that any claim under the Fair Housing Act should fail because Plaintiff did not allege facts to support discrimination against him on account of race. According to the Marsh Defendants, because the Court does not have subject-matter jurisdiction as to the federal questions Plaintiff raised, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims. Alternatively, the Marsh Defendants argue that, if the Court finds diversity jurisdiction exists, it should still dismiss Plaintiff's claims because Plaintiff failed to set forth any state law claims upon which relief can be granted.

Defendants Elizabella Caminiti and Lori Ivester Jackson ("the Realtor Defendants") filed their own joint motion to dismiss in this action. Similar to the Marsh Defendants, the Realtor Defendants argue that Plaintiff did not adequately allege facts to support that the Court has subject-matter jurisdiction pursuant to any federal question. The Realtor Defendants also argue that Plaintiff did not allege facts sufficient to state a plausible claim for Fair Housing Act violations.

The Realtor Defendants go on to argue that Plaintiff's state law claims fail because he has failed to allege facts sufficient to support any breach of contract, fraudulent misrepresentation, fraud, or negligent misrepresentation claims. Further, the Realtor Defendants argue that any other causes of action in Plaintiff's Complaint should be dismissed because they do not exist under federal or state law. Realtor Defendants also argue that, because all claims against the defendants are subject to dismissal, Plaintiff is not entitled to punitive damages.

Roseboro orders were entered for both motions to dismiss, informing Plaintiff of his deadline to respond to these motions. Plaintiff responded by reiterating his causes of action, but he did not respond to the legal arguments set forth in either motion. Any additional facts are set forth in the discussion below.

## II.     DISCUSSION

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may assert that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Complaints need not give "detailed factual allegations," but a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action" or "labels and conclusions" to avoid dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must rise above a speculative level and complaints must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts will "accept as true" all factual allegations. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, courts are permitted to consider the sufficiency of the allegations set forth in the complaint and documents either attached or incorporated by reference into the complaint. *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). A document that is not attached or explicitly incorporated by reference, but that is authentic and integral to the complaint, may also be considered without converting the motion to a Rule 56 motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164–66 (4th Cir. 2016); *see also Synergy Fin., L.L.C. v. Zarro*, 329 F. Supp. 2d 701, 704 (W.D.N.C. 2004) (quoting *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). Here, although Plaintiff did not explicitly attach or incorporate the Contract into the Complaint, it is clearly integral to Plaintiff's Complaint. Moreover, the Contract's authenticity is not contested. Therefore, the Court may use the Contract in analyzing these motions to dismiss without converting either motion into a Rule 56 motion.

### A. Federal Law Claims

#### 1. Section 1983 Claim

First, the Court turns to Plaintiff's claim under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (2018).  Notably, the defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions."  *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).  Here, Plaintiff does not allege that any defendant is a state actor or that any defendant has a sufficiently close relationship with a state actor.  In fact, Plaintiff explicitly alleges to the contrary in his Complaint.  Therefore, the Section 1983 claim must be dismissed as to all defendants.

### 2. Section 1985 Claim

Second, the Court must consider Plaintiff's claim under 42 U.S.C. § 1985.  Broadly, Section 1985 provides a cause of action for conspiracy to interfere with civil rights where the defendants conspire to deprive a person "of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  An essential element to a Section 1985 cause of action is that there be some "kind of invidiously discriminatory motivation" or animus behind the alleged conspirators' action.  *Hughes v. Ranger Fuel Corp., Div. of Pittston Co.*, 467 F.2d 6, 10 (4th Cir. 1972) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Here, Plaintiff does not allege facts supporting that a conspiracy existed to prevent him from consummating the purchase of the Real Property.  Moreover, even if he had adequately alleged a conspiracy existed, he does not allege facts sufficient to show that he is a member of a protected class.  At most, Plaintiff alludes to the fact that he might be a member of a protected class when he discusses how the Realtor Defendants work with "WHITE BUYERS."  But there are simply not enough facts here to support that there was a racial, invidiously discriminatory animus behind the defendants' actions where Plaintiff alleges neither what his race is nor any facts showing that there was class-based discriminatory motivation here.  Therefore, Plaintiff's Section 1985 claim must be dismissed as to all defendants.

### 3. Fair Housing Act Claim

Third, the Court examines Plaintiff's Fair Housing Act claim. Plaintiff does not explain the basis for his Fair Housing Act claim, but the Court assumes that his grievances fall either under Section 3604 or Section 3605 of the federal Fair Housing Act. Section 3604 governs discrimination in the sale of housing, and Section 3605 governs discrimination in residential real estate-related transactions. *See generally* 42 U.S.C. §§ 3604 and 3605. As already noted, the Complaint does not sufficiently allege Plaintiff is a member of any protected class. Moreover, even if the Complaint did allege that Plaintiff was a member of a protected class, it does not allege any facts to support that discriminatory actions were taken against Plaintiff on account of the purported class. Rather, Plaintiff entered into the Contract with the Sellers, and there are no facts to support that, had he paid his due diligence fee, the full performance of the Contract would not have occurred. Therefore, the Fair Housing Act claim must be dismissed against all defendants.

As an additional note, even if Plaintiff's Fair Housing Act claim could be construed as arising under the North Carolina Fair Housing Act, it would still fail to allege facts sufficient to support a plausible claim to relief. The North Carolina Fair Housing Act is modeled after the federal Fair Housing Act. *N.C. Hum. Rels. Council ex rel. Leach v. Weaver Realty Co.*, 340 S.E.2d 766, 768 (N.C. Ct. App. 1986); *see also* N.C. Gen. Stat. 41A-1, *et seq.* For similar reasons to those set forth above, Plaintiff has not sufficiently pled facts to support a claim for a violation of the North Carolina Fair Housing Act, if it was his intention to do so.

### B. State Law Claims

Turning to the claims in Plaintiff's complaint that arise under state law, the Court first notes that Plaintiff only alleges that the Court has original jurisdiction over this action because it is allegedly a matter arising under the laws of the United States pursuant to a federal question. *See*

28 U.S.C. § 1331. Therefore, because the Court is dismissing Plaintiff's federal law claims, the Court would have discretion to dismiss his state law claims pursuant to the laws pertaining to supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). Nevertheless, there are facts alleged here to support federal diversity jurisdiction in that the defendants are all alleged to be citizens of different states and the Contract in question was for $3,000,000, which exceeds the amount in controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Therefore, the Court will proceed to analyze whether Plaintiff's state law claims should be dismissed pursuant to Rule 12(b)(6).

### 1. State Law Claims Against the Marsh Defendants

The face of the Complaint reveals that the only state law claim as to the Marsh Defendants is that of fraudulent misrepresentation based on the Contract as between Plaintiff and Sellers. To make a claim for fraudulent misrepresentation under North Carolina law, a plaintiff must show that the defendants made "(1) a false representation or concealment of a material fact which is (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) results in damage to the injured party." *Showell v. U.S. Airways, Inc.*, No. 3:06cv384, 2007 WL 3275131, at *5 (W.D.N.C. Nov. 2, 2007) (quoting *Willen v. Hewson*, 622 S.E.2d 187, 190–91 (N.C. Ct. App. 2005), *disc. review denied*, 631 S.E.2d 560 (2006)). According to Plaintiff, Mr. Marsh allegedly made Plaintiff believe that Mr. Marsh was adhering to Plaintiff's best interests, while never actually signing the Contract or any other agreement. Beyond this conclusory assertion of fraudulent misrepresentation, Plaintiff sets forth no facts to support this claim as to the Marsh Defendants. It is unclear what the false representation or concealment could have been, and there are certainly no facts alleging that the Marsh Defendants ever acted in a manner that was calculated to deceive. If the fraudulent misrepresentation claim is predicated on Plaintiff's payment of the $3,000 earnest money deposit, there are no facts to support that this payment was

anything other than consideration for the Contract that Plaintiff signed—the validity of which is not disputed by Plaintiff. Beyond the allegations that Mr. Marsh took Plaintiff's earnest money deposit, there are no other facts pled that could support a claim of fraudulent misrepresentation as to the Marsh Defendants.

Additionally, to the extent Plaintiff's claim that Mr. Marsh stole his money could be construed as a separate claim for conversion, there are no facts alleged to support such a claim. There are two essential elements to a conversion claim: (1) "ownership in the plaintiff" and (2) "wrongful possession or conversion by the defendant." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 723 S.E.2d 744, 747 (N.C. 2012). Here, Plaintiff has failed to allege facts to support that Mr. Marsh wrongfully converted this money. Based on the Complaint, the money at issue was the earnest money deposit for the Contract. There is nothing wrongful in Mr. Marsh's possession of the earnest money as the Escrow Agent under the Contract, and there are no other facts pled to show otherwise. Therefore, any state law claims against the Marsh Defendants must be dismissed, and the Marsh Defendants' motion to dismiss must be granted.

### 2. State Law Claims Against Defendants Caminiti and Jackson

As to Defendants Caminiti and Jackson, the remaining state law claims should be dismissed, either because Plaintiff failed to plead facts to support the claims or because such claims do not exist under the applicable law. As an initial matter, any claim for breach of contract against the Realtor Defendants cannot survive, because Plaintiff needed to allege facts to support that there was a contract between these individuals. *See Parker v. Glosson*, 641 S.E.2d 735, 737 (N.C. Ct. App. 2007) (outlining the elements of a claim for a breach of contract). Plaintiff has only alleged that there was a Contract between Plaintiff and Sellers, and he has not alleged that there was any intent to be bound to an agreement between himself and the Realtor Defendants. In fact, Plaintiff

explicitly alleges that the Realtor Defendants did *not* sign the Contract. The Contract itself confirms this allegation. Therefore, Plaintiff's claim for breach of contract against the Realtor Defendants must be dismissed.

Additionally, for the same reasons as were already set forth for the Marsh Defendants' motion to dismiss, Plaintiff's claim of fraudulent misrepresentation cannot survive the Realtor Defendants' motion to dismiss. Such a claim was not pled with particularity. *See* Fed. R. Civ. P. 9(b) (explaining the need to plead fraud with particularity); N.C. R. Civ. P. 9(b) (same); *Terry v. Terry*, 273 S.E.2d 674, 678 (N.C. 1981) (elaborating on the requirements to plead fraud with particularity). There are simply not enough facts pled to support any claim for fraud, nor are there enough facts to support a claim for fraudulent misrepresentation or even negligent misrepresentation. *See Terry*, 273 S.E.2d at 677 (discussing the elements of fraud); *Showell*, 2007 WL 3275131, at *5 (listing the elements for fraudulent misrepresentation, which are the same as fraud); *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 612 (N.C. 1988) (explaining that "negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care"). The Complaint does not allege what misrepresentation gave rise to this claim, that there was intent to deceive, that Plaintiff relied on the alleged misrepresentation, or that damage to Plaintiff resulted because of such. No fraudulent misrepresentation claim can survive based on the facts alleged in this Complaint.

Next, the "Breach of Duty" claim cannot survive the Realtor Defendants' motion to dismiss either. Plaintiff's allegations fail to clarify what sort of duty the Realtor Defendants could have breached. Assuming for the sake of argument that Plaintiff is attempting to claim that the Realtor Defendants had a confidential or fiduciary relationship with Plaintiff, Plaintiff would have needed

to allege facts and circumstances showing that such a relationship existed. *See Terry*, 273 S.E.2d at 677. Here, Plaintiff never alleges any facts to support what sort of relationship the Realtor Defendants had with Plaintiff, nor does Plaintiff allege any facts supporting how the Realtor Defendants might have breached such a purported relationship. Plaintiff's Breach of Duty claim, to the extent that it may be construed as an existing cause of action under North Carolina law, must be dismissed.

Any other remaining claims in Plaintiff's Complaint, including "Practice of Derailing the Sale," "Stonewalling," "Material Defects," "Price 'Gouging,'" "Fraud of Survey," "Not Listing Property As 'Under Contract Under MLS System Online,'" and "Deter me to another property" must be dismissed because the Court cannot construe any existing cause of action under federal or state law for such claims. Lastly, because all claims in Plaintiff's Complaint are subject to dismissal, Plaintiff's request for punitive damages must also be dismissed.

### III. ORDER

For the reasons stated herein, **IT IS THEREFORE ORDERED**:

1. Marsh Defendants' Motion to Dismiss (ECF Doc. 9) is **GRANTED**;

2. Defendants Elizabella Caminiti and Lori Ivester Jackson's Motion to Dismiss (ECF Doc. 12) is **GRANTED**; and

3. Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**.

Signed: July 23, 2021

Graham C. Mullen
United States District Judge